1836.

## KEARNEY v. COLLINS.

March 23, 1836.

*Rule to show cause why the judgment should not be set aside.*

A promise in writing to "settle all the interest due on a mortgage on or before the first Monday of October," is not an instrument of writing for the payment of money within the act of 28th March 1835, entitling the plaintiff to judgment for want of an affidavit of defence.

THIS action was brought to D. T. '35, 334. Plaintiff filed a copy of an instrument of writing executed by the defendant (which follows) under the act of 28th March 1835, and entered judgment for want of an affidavit of defence. Defendant obtained this rule to show cause why the judgment should not be set aside. The instrument on which this suit was brought was in these words:

"Whereas two mortgages were given by a person whose name is not now recollected, on a farm now owned by Samuel Kearney which is payable to George Scott and the heirs of James Shreeve for nine hundred dollars, the principal of which has this day been paid by Samuel Collins who was bound to pay the same, and it is not now convenient to compute the back interest,

[Kearney v. Collins.]

" This agreement witnesseth that I, the above named Samuel Collins, for and in consideration of the sum of five dollars to me in hand paid by Samuel Kearney aforesaid, do hereby promise and agree, that I will *settle all the interest due on the said mortgage* on or before the first Monday of October next, and keep the said Samuel Kearney and his property indemnified from any loss on account of the same."

*J. A. Phillips*, for plaintiff.
*I. Norris*, for defendant.

PER CURIAM.—This is not an "instrument of writing for the payment of money" within the meaning of the act, for two reasons. 1. It is not an agreement to pay a sum certain, and nothing appears of record by which the amount of the arrears of interest can be ascertained. 2. It is not an agreement to *pay money*, but to "*settle*" an unascertained amount of interest due on a mortgage. To "settle" does not always mean a payment, or even a payment in money. It may consist of the mere striking of a balance where there may have been interest accounts, a compromise, composition, payment in goods or the procurement of a release. Nothing on this subject is left to us by the act, by way of inference, to help the plaintiff's claim to have judgment.

Judgment set aside.