## HAMER v. HUMPHREYS.

### November 19, 1836.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

Where a defendant has filed an affidavit of defence under the act of 28th March, 1835, which is defective, and the plaintiff subsequently files a *narr.* and asks for and obtains a plea from the defendant, the plaintiff has waived his right to have a judgment for want of a sufficient affidavit of defence.

THE plaintiff in this case had issued a summons returnable the first Monday of September, 1836. Under the act of 28th March, 1835, he regularly filed a copy of his book entries. The defendant in due time filed an affidavit of defence, according to the provisions of the act, but the same was defective in not disclosing a defence. Of this the plaintiff took no advantage at the time by moving for judgment, but filed a *narr.* and asked for and obtained from the defendant a plea, which was filed. Afterwards, on the 12th of Nov. 1836, the plaintiff obtained this rule to show cause why judgment should not be entered for the plaintiff, for want of a sufficient affidavit of defence. On the hearing of the rule,

*Fassit,* for the rule, contended that by the terms of the second section of the act of 28th March, 1835, the plaintiff was entitled to judgment. (*Stroud's Purd. D.* 231.) The act says, that " it shall be lawful for the plaintiff on, or *at any time* after the third Saturday, &c. on motion, to enter a judgment by default, &c. unless the defendant shall previously have filed an affidavit of defence, stating, &c."

*Alleson, contra.* The acceptance of a plea by the plaintiff was a waiver of plaintiff's right to a judgment under the act.

PER CURIAM: The judgment for want of an affidavit of defence is *by default,* being so designated by the act. Here the plaintiff has chosen to treat the defendant as not in default, not only by

[Hamer v. Humphreys.]

not moving for judgment, but by asking and obtaining a plea from the defendant, which amount to a waiver of his previous right, under the act, to have judgment. Had the plaintiff moved for judgment, instead of calling on the defendant to plead, the latter, under our rules, might have exhibited such a case as to have been permitted a supplemental affidavit of defence. The act, in giving a right to the plaintiff to have a judgment by default, contemplates a condition of things for which it provides, that is, the plaintiff's copy of the instrument, &c. on which the suit is brought, and the absence or insufficiency of defendant's affidavit. But here the condition of things is altered by the plaintiff's own act, and repeated decisions in Pennsylvania have settled that a plaintiff may waive a right or advantage. Such a waiver is presented in this case.

Rule discharged.

