## Lusk *against* Garrett.

Under the provisions of the Law establishing the District Court of Mercer county, after a cause has been referred to arbitrators, an award made and appeal by the defendant, the plaintiff cannot sign judgment for want of an affidavit of defence.

ERROR to the District Court of *Mercer* county.

John P. Garrett against Loring Lusk. This was an action founded upon a note for the payment of $434.91. On the same day the writ issued, the plaintiff entered a rule to have arbitrators chosen. They were afterwards chosen, and made an award for the amount of the plaintiff's claim, from which the defendant appealed and made the necessary affidavit required by law, and entered into recognizance, on the 23d August 1843. On the 11th September 1843, the plaintiff's attorney signed a judgment in the prothonotary's office against the defendant for want of an affidavit of defence.

*Stephenson*, for plaintiff in error, referred to the Act of 29th March 1839, sect. 7, *Purd. Dig.* 265; 4 *Binn.* 429; 3 *Serg. & Rawle* 253; 1 *Trou. & Haly* 233.

*Pearson*, contra.

The opinion of the Court was delivered by
HUSTON, J. — In this case we are of opinion the judgment

[Lusk v. Garrett.]

signed in the prothonotary's office is not justified by the true construction of the several Acts of Assembly. The Act organizing a District Court, on which the plaintiff relies, is, as to the part material here, copied from the Act of 1835 creating the District Court in Philadelphia, in which the Arbitration Act was repealed in the Philadelphia district; and the special affidavit of defence required by that Act was intended to produce a judgment speedily, where there was no defence, without calling on the parties to choose arbitrators. In the district in question, the arbitration law is left in force, and yet the affidavit of defence is required. Now, this case was referred and arbitrators chosen, and a report made and filed, and an affidavit made that the appeal was not for delay, but because the defendant verily believed injustice had been done, and recognizance entered into and an appeal duly entered. After this, the plaintiff goes to the prothonotary's office, and signs a judgment for want of an affidavit of defence, and says he is within the letter of the law. But so he would have been, if the case was still pending before the arbitrators; and so he would have been, if the arbitrators had reported in favour of the defendant; and it would require some hardihood to say that, in either of those cases, the judgment could have been supported. We have two Acts of Assembly, each intended to enable a plaintiff to get judgment sooner than by common course of law. I incline to the opinion intimated by the present Chief Justice in 3 *Serg. & Rawle* 250, viz., that if a man proceeds under one of these till he is thrown back to the ordinary course of law, he cannot then go to and proceed under the other Act; but here there was in substance an affidavit of defence; and, where such is the case, the plaintiff cannot sign judgment in the prothonotary's office, but must take it by motion in court; so that either way the judgment is wrong. I would advise gentlemen of the bar to practise strictly, but not too technically, or to rely on verbal nicety of construction, so as to defeat the objects of the law or the purposes of justice. The other errors need not be noticed, but I may say the statement contains a copy of the note.

Judgment reversed, and the cause remanded to be proceeded in by the District Court.