*Court of Common Pleas, Dauphin County, August 8th, 1854.*

LANDIS *v.* KIRK.

In order to entitle the plaintiff to judgment for want of a sufficient affidavit of defence, he must state clearly the date, amount, and terms of his claim. Where money has been received from a third person for the use of the party suing, no affidavit of defence is required.

BY THE COURT.—The grounds of this motion are: 1st. The plaintiff waived his right to call for an affidavit of defence by

[Landis v. Kirk.]

ruling the defendant to plead, which was done accordingly, and the cause put at issue. We are inclined to think that by taking the rule and accepting the plea, the plaintiff has waived his right to call for an affidavit of defence. Such appears to have been the opinion of the court in 2 Miles, 28; 1 Ash, 18; but we decline deciding the case on that ground, as there are others less doubtful. 2d. The statement of the claim or cause of action on which the suit is founded has not been filed in proper time; nor is it of that clear and explicit character which the rule of court requires. We are of opinion that it would have been filed in proper time under the rule of court, but for the reason stated in the first-mentioned exception,—that a rule was taken to plead. We must take it for granted, that notice of filing this paper was received by the defendant's attorney at the time named in the plaintiff's affidavit this day filed, unless its receipt through the mail in due course thereof is denied by the counsel to whom it was directed. But the notice of the claim is insufficient, as it does not clearly and explicitly state the terms of the loan or advance of money, with the date thereof and amount claimed. It may be inferred that the cause of action commenced or accrued in the summer of 1845, but whether the plaintiff claims to recover $500, with interest from that time, $250 or $500 less $50, I am, from the most careful reading of the claim, unable to say. So far from stating clearly and explicitly the amount claimed, with the cause of action out of which it originated, the claim filed is uncertain, both as to the amount and nature of the demand. No judgment should have been rendered by the prothonotary on so vague a statement. 3d. It is further objected that the claim as stated does not come within the rule of court, and required no affidavit of defence. The acts of Assembly on which our rule is founded, originally embraced only cases in which the evidence of debt appeared of record, or was founded upon some obligation signed by the party to be charged. But afterwards it was made to include claims for the *loan* or *advance* of money, whether evidenced by the writing or not. The rule is as broad and no broader than the act with its supplements, and must receive the same construction. The act has never, so far as we know, been held to cover the case of money received from a third person for the use of the party suing, but only the direct *loan* or *advance* of money arising from *dealings between the parties*, in a case of borrowing and lending, in which the party can make oath to the loan or advance of the money, stating the date and amount thereof. 2 Miles, 13, 329, 421; 1 Penna. Prac. 325; Idem, 335 (note). The facts disclosed in this claim filed, show a case of one man receiving money belonging to another, which *in equo et bono* he ought to pay over, and which could be recovered in an action of assumpsit for money he had received, but does not set forth a

[Kanfelt & McBarron for use of Kanfelt *v.* Fisher.]

loan or advance of money by Landis to Kirk, therefore it does not come within the words of the rule; nor is it covered by its spirit and intention, which never was designed to embrace every case 'where assumpsit might be supported, but merely those in which the dealings between the parties were direct, where the one lent or advanced the money to the other; or possibly where there was a direct promise to pay over money previously received, and the express promise made the foundation of the claim. The rule in this case must be made absolute. It is ordered that the judgment be stricken off, and the subsequent proceedings set aside at the cost of the plaintiff.