*Court of Common Pleas, Lebanon County, January 10th, 1855.*

COOPER ET AL. *v.* RESTENBALT.

When a rule of reference was taken out, but the arbitrators were not chosen within the time in which judgment could be taken for want of a sufficient affidavit of defence, the court will strike off the rule to arbitrate, and direct a judgment to be entered.

BY THE COURT.—The record in this case presents the following state of facts: A suit was brought to November Term, 1854. A narr and copy of the claim were filed. By the 52d rule of this court an affidavit of defence must be filed within thirty days after

[Cooper et al. *v.* Restenbalt.]

the return day, in which affidavit the nature and character of the defence must be set forth.   A few days before the time had arrived when judgment would have been entered, the defendant by his counsel took out a rule of reference, and notified the prothonotary not to enter judgment for want of an affidavit of defence. On the same day that this notice was served, plaintiff's attorney demanded judgment under the 52d rule of court, which was granted, entered, and a *fi. fa.* issued thereon.   On the 21st, the defendant proceeded to choose arbitrators, in which the plaintiff did not participate; and the latter now asks us to strike off the rule of reference, and suspend the action of the arbitrators.   We are well satisfied that the present proceeding is in fraud of our rule of court. If sustained, the consequence must be a long delay in every case coming within the rule, which was adopted for the purpose of enabling a plaintiff to obtain his judgment speedily, where there is no substantial ground of defence.   The defendant has only to wait till the day before the plaintiff would be entitled to judgment, then take out his rule of reference; the arbitrators need not be chosen for twenty-nine days, as the party taking out the rule fixes the time.   The hearing would probably be fixed at nineteen days thereafter, and twenty days are given to enter the appeal.   Thus the defendant obtains a delay of sixty-eight days. And when he brings the cause back by his appeal, no affidavit setting forth the special character of his defence need be filed, nor according to the case of Lusk *v.* Garrett (6 W. & S. 89), can judgment be taken for want thereof, but the general oath required on the appeal is sufficient.   At most, that oath cannot be treated as a nullity; but if the plaintiff has any remedy, it must be by moving the court in term time for judgment for want of a sufficient affidavit; and perhaps he would be obliged to take a rule upon the defendant to file an additional affidavit, setting forth the nature and character of his defence.   This might be attended with a delay of several additional months.   We consider this case ruled in principle by Hoffman *v.* Locke (7 H. 57).   The only perceptible difference between that case and the one under consideration is, that there the court was moved for judgment, and here it was entered by the prothonotary; and there the judgment was demanded under an act of Assembly, and here under a rule of court.

We have no doubt of the power of the court to adopt rules of this character to regulate the practice of their suitors; and if we possess the power to adopt them, we can prevent their evasion by any kind of artifice.   Had the arbitrators been chosen in this case before the time for taking judgment, a greater difficulty would have been presented, as in that event the cause would have been *out of court*, which is not effected by the mere entry of a rule to arbitrate.

The prothonotary was right in entering judgment in this case

for want of the affidavit of defence, as demanded by the plaintiff's counsel. Therefore, we order and direct that the rule of reference be stricken off, it having been entered in a case in which no controversy is pending, and we order notice to be given to the arbitrators that their power to act is superseded.

*Funck, for plaintiff.*

*Kline and Weidman, for defendant.*