## Duncan *versus* Bell, Johnston, Jack & Co.

Where a rule of court prescribes, that the plaintiff shall be entitled to judgment upon a certain day, "unless the defendant, or some person for him, shall have made an affidavit, and filed the same before judgment be asked for in court," stating that there is a just defence, &c., the defendant is entitled to the whole of such day to file the affidavit.

Such affidavit is in time if filed on that day, although after judgment entered on motion, and execution ordered.

Where the cause is referred to arbitrators at the instance of the plaintiff, and an award is made in his favour, from which the defendant appeals, making the usual affidavit for that purpose, it is a waiver on the part of the plaintiff of the right to require an affidavit of defence.

ERROR to the Common Pleas of *Blair county.*

Bell, Johnston, Jack & Co., brought four actions of debt, to April Term, 1856, against John W. Duncan, to recover the amount of two promissory notes on which the defendant was the endorser, and of two drafts upon one of which he was drawer and upon the other endorser, amounting in the whole to about $8000. Statements, together with copies of the notes and bills, were filed with the *præcipes.* On the same day the writs were issued, the plaintiff entered a rule to choose arbitrators in each case on the 15th March, 1856. The arbitrators were duly chosen, to meet on the 14th April next ensuing. On the 3d of May, 1856, the defendant by his attorney confessed judgment in each case for the amount of the note or bill sued on in the cases respectively, with like effect and right of appeal as if an award had been made in each case. On the 13th of the same month he appealed in each case, making the usual affidavit and entering into recognisance.

On the 4th of August, 1856, being the second Monday of the July Term, on motion the court entered judgment in each case for want of an affidavit of defence. Under the rule of court, on the same day, but after judgments entered and executions issued, the defendant filed an affidavit of defence in each case. Additional affidavits were filed on the 8th of August, and rule obtained to show cause why the judgments should not be opened. These rules were discharged on the 18th September, 1856.

The rule of court under which the judgments were entered, was as follows :—

" In all actions of debt, *assumpsit,* or covenant, on bills, notes, bonds, or other instruments of writing for the payment of money, &c., &c., the plaintiff shall be entitled to judgment on the third day of the term next succeeding that to which the process is returnable, when the term is for one week, and on the second Monday of the term when the same is to continue two weeks, or on any motion-day afterwards, *unless the defendant, or some person*

[Duncan *v.* Bell, Johnston, Jack & Co.]

*for him, shall have made an affidavit,* and filed the same before judgment be asked for in court, stating that to the best of his knowledge and belief, there is a just defence to the whole or part of the plaintiff's demand, and if the defence be to part only, the sum not in dispute shall be specified in the affidavit, &c., &c.

Provided, that no judgment shall be entered by virtue of this rule in any action of debt, &c., unless the plaintiff shall have filed his declaration or statemont on or before the third day of the term to which the process is returnable; nor unless he shall have filed also with his declaration or statement a copy of the bond, bill, note, &c., upon which the claim is founded, &c.

The defendant sued out a writ of error in each case; and assigned that the court below erred in entering judgments against the defendant for want of affidavits of defence.

*George P. Hamilton,* for plaintiff in error.

*S. S. Blair,* for defendants in error.

The opinion of the court was delivered by

ARMSTRONG, J.—Courts have an undoubted right inherently, as well as by Act of Assembly, to establish rules to regulate their practice, and for the purpose of expediting the determination of suits, when such rules are not. inconsistent with the constitution and laws of the Commonwealth. Their object is to facilitate business, prevent unnecessary delay, and promote substantial justice. When they fail of this they cease to accomplish their legitimate purpose. In Burkhart *v.* Parker, 6 *W. & S.* 481, Justice HUSTON observes: " There is no doubt of the propriety and even necessity of some established rules regulating the practice of courts. There is, however, much doubt as to whether many of the rules in our Courts of Common Pleas do not more frequently obstruct and destroy the administration of justice than promote it. Rules of court, and even Acts of Assembly on the same subject, have been held not to extend beyond the letter; nor to extend to cases within the letter, but *not* within the spirit."

The rule of court in Blair county provides that the plaintiff, having filed his declaration, &c., " shall be entitled to judgment on the third day of the term next succeeding that to which the process is returnable, when the term is for one week, and on the second Monday of the term when the same is to continue two weeks, or on any motion day afterwards, unless the defendant, or some person for him, shall have made affidavit of defence, and filed the same before judgment be asked for in court." On the 4th of August, being the second Monday of July Term, 1856, on motion of the plaintiff below, the court entered judgment against the defendant for want of affidavit of defence under the rules of

court. On the same day affidavit of defence was filed; yet the court, on a rule to show cause, refused to open or take off the judgment, and this is assigned for error here.

The plaintiff had the whole of Monday, and at any point of time on that day, to ask for judgment, and could not have asked it earlier. Why then should not the affidavit be regarded as in time, if filed on the same day? Is it possible that if *immediately* after the judgment is asked, an affidavit disclosing a good defence is filed, it could not avail because it did not precede the motion? Such might be the *letter* of the rule, but it would be an assassination of its spirit. How long it was from the motion for judgment, till the filing of the affidavit, does not appear. It may have been immediately. The law knows no fractions of a day: 11 *Mas. R.* 204; *Blackstone's Com.* 1 vol. 114. In Bigelow *v.* Wilson, 1 *Pick.* 494, it is said, "the *time* of executing a deed used in the statute, means, in legal acceptation, the *day* of the delivery. This day, in a legal sense, is an individual point of time, there being no fractions of a day." In Brown *v.* Brown, 3 *S. & R.* 496, it is said, "in computing the twenty days allowed for appeal, the day on which the award is filed is excluded, as it may be returned on the *last hour of that day*, and the utmost latitude of construction should prevail, as it is in favour of the constitutional right of the party to have his cause tried by a jury of the country." The plaintiff may have chosen any point of time throughout the day, even the *last hour*, to move for judgment; and in this event it is possible the affidavit would have preceded the motion. If the affidavit be filed on the first day that the plaintiff is entitled to ask for judgment, it will be in time. And this, it is understood, accords with the usage generally where this rule prevails. It is too sharp a practice to count on the fractions of a day, or insist on mere precedence to prevent the defendant from a fair trial of his cause. A meritorious defence is entitled to a favourable construction of the rule.

There is another view in which this case may be considered. On the day the writ issued, the plaintiffs entered a rule to choose arbitrators on the 15th March, 1856, who were to meet on the 14th of April ensuing. On the 3d of May judgment was confessed by defendant's attorney, with the right of appeal, as if an award had been made. And on the 13th of May an appeal was regularly entered and the usual affidavit filed. Did not the plaintiff by these proceedings, and by accepting a confession of judgment by the attorney, with the right of appeal to defendant, when he might have insisted on an award by the arbitrators, waive his right to judgment for want of affidavit of defence? In O'Neal *v.* Rupp, 10 *Harris* 395, Justice Knox says, "the right to a judgment for insufficiency in the affidavit of defence may be waived. A party who intends to ask for judgment on account of an affi-

[Duncan *v.* Bell, Johnston, Jack & Co.]

davit of defence, must do so before he takes any further steps in the cause subsequent to the affidavit which are calculated to mislead the defendant, and it is too late to move for judgment for this reason, after a rule to plead entered, and a rule to arbitrate entered on the part of the plaintiff and stricken off." In Hosmer *v.* Humphrey, 2 *Miles* 28, "where there was a defective affidavit, and the plaintiff subsequently files a *narr.* and asks and obtains a plea from defendant, it amounts to a waiver of his previous right under the act to have judgment." And "when there has been a hearing before arbitrators, and an award in favour of the defendant, this is sufficient ground for dispensing with the affidavit of defence :" 4 *Bin.* 428. It was also held in Lusk *v.* Garrett, 6 *W. & S.* 89, that, " after a cause has been referred to arbitrators and an award made, and appeal by defendant, the plaintiff cannot sign judgment for want of affidavit of defence." In that case the plaintiff contended he was within the *letter* of the law. But, said Justice Huston, " so he would have been if the case was still before arbitrators. And so he would have been if the arbitrators had reported in favour of the defendant." And the facts of this case are scarcely distinguishable from the one now under consideration. The object of the rule was to prevent delay where there was no just defence, not to obstruct or impede the proper administration of justice. It gives to the plaintiff (3 *S. & R.* 253) ." extraordinary advantages." In Hoffman *v.* Lock, 7 *Harris* 57, Justice Black says, " a cause is not beyond the power of the court until arbitrators are actually chosen." It follows, that after that, it is, until brought back by appeal. It must be remembered that the *plaintiff* took out the rule to refer. He it was that ousted the jurisdiction of the court for the time being. He might have remained passive and have taken the benefits the rule was intended to give him. But these he chose to forego for the chance, perhaps, of an earlier award, and a lien upon real estate. But if the power of the court was lost by the plaintiff's rule to choose arbitrators, it was also suspended for the purposes of the defendant ; and from the 15th of March till the 3d of May he had no day in court. During this period he may have lost advantages quite equal to those gained by the plaintiff. In O'Neal *v.* Rupp, Justice Knox says, " there is no hardship in holding that a plaintiff may waive his right to question the sufficiency of an affidavit of defence." In the case before us, the plaintiff having ruled the cause out of court, and the defendant having appealed and taken the oath prescribed by law, and necessary to entitle himself to a trial by jury, it will be no hardship to hold that the plaintiff has elected to accept this oath, in place of that required by the rule of court, and therefore waived the right to question its sufficiency.

Judgment reversed and *procedendo* awarded.

[Duncan *v.* Bell, Johnston, Jack & Co.]

WOODWARD, J.—I concur in this judgment on the first ground taken in the opinion. Under the rule of court, according to its universal interpretation, the defendant had the whole of the first day of the term to file his affidavit of defence. Where judgment is taken on the first day of the term, for want of the affidavit, the practice has been to open it on coming in of the affidavit afterward, but on the same day; and it is so general and just a practice, especially in the rural districts, that I am willing to recognise it as a rule of law, and in vindication of it to reverse the judgment.

LEWIS, C. J.—I concur in the foregoing opinion, so far as it holds that after a defendant has entered an appeal from an award of arbitrators, paid costs, entered bail, and filed an affidavit, as required by the Act of Assembly, the rule of court requiring an affidavit of defence does not deprive him of the trial by jury, secured by the constitution and the arbitration law. I think that where the plaintiff enters the rule to arbitrate, as in this case, he waives the benefit of the rule of court, and that this principle is established unanswerably in the opinion just delivered by Judge ARMSTRONG.

LOWRIE, J., and KNOX, J., dissented.