EDISON GENERAL ELECTRIC CO. v. JOHNSTOWN ELECTRIC
LIGHT CO.

(Circuit Court, W. D. Pennsylvania. May 18, 1893.)

No. 14.

PLEADING—AFFIDAVIT OF DEFENSE—WAIVER.

    In an action of assumpsit in a federal court in Pennsylvania, where, after an affidavit of defense is filed, plaintiff, pursuant to the seventh section of the state procedure act of May 25, 1887, moves the court to direct the entry of a plea in behalf of defendant, which is accordingly done, this constitutes a waiver of his right to move for judgment on the ground of the insufficiency of the affidavit of defense.

At Law. Assumpsit by the Edison General Electric Company against the Johnstown Electric Light Company to recover for supplies furnished. Heard on plaintiff's motion for judgment for want of a sufficient affidavit of defense. Denied.

Samuel J. Graham, for the motion.
A. M. Brown, opposed.

BUFFINGTON, District Judge. On March 6, 1893, the plaintiff company brought an action of assumpsit to recover $4,075 for dynamos and electrical supplies furnished the defendant company upon a written contract, and on March 9th filed a statement of claim, with affidavit, setting forth the items in detail. The summons, which was returnable the first Monday of March, was served the same day. On March 15th defendant appeared by counsel, and on March 25th filed an affidavit alleging a defense to the entire claim. In pursuance of the seventh section of the Pennsylvania procedure act of 25th May, 1887, the plaintiff, by counsel, on March 27th moved the court to direct the entry of a plea in behalf of the defendant. This motion was allowed, and the plea of the general issue entered by the clerk. On April 1st the plaintiff's counsel, deeming the affidavit insufficient, moved for entry of judgment on that ground.

To this defendant objects, because—First, the right to move therefor was waived by plaintiff moving for a plea; and, secondly, the affidavit is sufficient.    After a careful examination, we are of opinion the first objection is well taken.    The reason for allowing a motion for judgment in default of any affidavit or in case of an insufficient one is manifestly for the benefit of the plaintiff, and to punish the default of the defendant.    It allows the plaintiff the opportunity of having the sufficiency of the alleged defense determined in the preliminary stage of the case.    If the defense be deemed sufficient by the plaintiff, he can bring the cause to issue and trial.    The right to move for judgment, being for his benefit, is one, therefore, he may waive.    Endlich, Affid. Defense, p. 493, says:

"The right to ask for judgment for want of a sufficient affidavit of defense may, however, be waived by the plaintiff, or lost through his delay and misleading conduct. If, instead of asking for a rule upon the defendant, who has filed his affidavit, he apparently treats the latter as sufficient, and take other steps in the case looking towards, and compelling the defendant to prepare for, its progress according to the common-law forms, he cannot afterwards be permitted to turn back and attack the affidavit whose sufficiency he must, from his conduct, be regarded as having conceded."

In this the writer is supported by authority.    In Hamer v. Humphreys, 2 Miles, 28, the district court of Philadelphia, where the only step taken was a rule to plead and plea entered, and therefore in point here, held that the motion for a plea was a waiver of the right to move for judgment, and discharged the rule, though the affidavit of defense disclosed no defense.    In Landis v. Kirk, 1 Pears. 77, Judge Pearson, who was recognized as an authority on questions of Pennsylvania practice, cited this case approvingly, although he put the decision of the case before him on other grounds.    While no opinions were filed in the cases to which we refer, the practice above noted was accepted as settled law in the Philadelphia courts, where rules of practice are carefully scrutinized and closely followed in the cases cited below.

In Johnston v. Ballentine, 1 Wkly. Notes Cas. 626, an affidavit of defense was filed to a scire facias sur mechanic's lien.    The plaintiff then entered a rule on defendant to plead, and in pursuance thereof a plea was filed.    A rule, subsequently taken for judgment for want of a sufficient affidavit of defense, was discharged, the counsel contending, as here, and the court holding, the rule to plead was a waiver.    The case of Fuoss v. Schleines, 15 Wkly. Notes Cas. 192, goes still further.    The plaintiff sued for $109, and the affidavit only claimed credit for $28.75, and admitted the balance sued for was due.    The plaintiff afterwards filed a narr., and ruled the defendant to plead.    Subsequently he took a rule for judgment for the amount admitted by the affidavit to be due.    This rule was discharged, the court holding that "a rule to plead is a waiver of the right to ask for judgment upon the affidavit of defense."    As bearing on the subject, although the evidence of an intent to waive the right is stronger than here, we refer to O'Neal v. Rupp, 22 Pa. St. 397, and Duncan v. Bell, 28 Pa. St. 518.    In the present case, when the affidavit of defense was filed, the plaintiff had the right,

if he considered it insufficient, to move for judgment, and have its sufficiency determined. If, instead of availing himself of this right, which was for his benefit, he sought to compel the defendant to enter a plea, we think this is an admission on his part of the sufficiency of the defense alleged, or at least a waiver of his right to test that question. Indeed, since the act of 1887 the case is, if anything, stronger, for instead of entering a rule and compelling the defendant to plead he takes the entire matter in his hands, and himself becomes the actor, and has the plea entered for the defendant without notice to him or action on his part. The effect of this seems well established in the Pennsylvania practice, is founded on reason, and calculated to promote the orderly administration of justice. We see no reason why we should establish a different procedure in the federal practice. The rule is therefore discharged.