## Martin E. Scheibner *v.* Samuel A. Baer, Appellant.

*Time—Computation of time.*

Where a thing is to be done within a certain period from a given date the rule is that the day from which the reckoning begins is excluded from the computation of the period allowed.

*School law—Teacher's certificate—Act of May 8, 1854, sec. 41.*

The superintendent of schools of a city notified a teacher on July 6, 1895, that he proposed to annul his certificate on July 16, 1895. The act of May 8, 1854, sec. 41, P. L. 626, empowers the superintendent to annul a certificate, "giving at least ten days previous notice thereof, in writing, to the teacher holding it." On July 15, the teacher filed a bill in equity against the superintendent to restrain him from taking the action contemplated, and a preliminary injunction was granted. Subsequently the court overruled a motion to dissolve the injunction and entered a decree continuing the preliminary injunction. *Held*, that the teacher had only nine

entire days' notice, which was not a compliance with the requisition of the statute, and that the decree continuing the preliminary injunction should be affirmed.

Argued March 3, 1896. Appeal, No. 11, Jan. T., 1896, by defendant, from decree of C. P. Berks Co., Aug. T., 1895, No. 624, continuing preliminary injunction. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity filed on July 15, 1895, for an injunction to restrain the superintendent of schools of the city of Reading from annulling a teacher's certificate.

The court granted a preliminary injunction and subsequently refused to dissolve it, ENDLICH, J., filing the following opinion:

The plaintiff is a public school-teacher in the city of Reading, holding a professional certificate issued to him by defendant as superintendent of the schools of said city. On July 6, last, the latter notified plaintiff that he proposed to annul said certificate on July 16, the power to do which he claims by virtue of the proviso to sec. 41, act May 8, 1854, P. L. 626. Let it be granted for present purposes, that that proviso stands unrepealed by act April 9, 1867, secs. 11 and 12, and applies to certificates issued since that enactment. It is clear that any certificate granted to a teacher is a "license" (see sec. 12) to him to pursue a certain avocation and to seek a certain public employment, which, without it, he cannot pursue or seek. That right, during the period for which the certificate is granted to him, is a valuable property in his hands, just as a right to practice as an attorney of a court is property in the hands of him who has been admitted to it: Ex parte Steinman, 95 Pa. 220. The annulment of a teacher's certificate is the destruction of his property. No man, in this state, can be deprived of his property except by a proceeding judicial in its nature, and as such involving as an indispensable requisite an opportunity of being heard : Brown v. Hummel, 6 Pa. 86, 91; Craig v. Kline, 65 Pa. 399; Palairet's App., 67 Pa., 479; Philadelphia v. Scott, 81 Pa. 80. That opportunity the act of May 18, 1854, P. L. 626, sec. 41, secures to a teacher in the provision for notice to him previous to the annulment of his certificate; for, as was pointed out by Mr. Justice FIELD in Windsor v. McVeigh, 93 U. S. 274, the requirement of notice necessarily implies the right to appear and be heard. Remem-

bering that the effect of an annulment of a certificate, in the case of one whose profession is that of a public school-teacher, and who has passed that period of life when he can turn his hand to anything, means the destruction of his livelihood, it is surely true that the notice and opportunity for hearing prescribed by the statute are conditions precedent to the exercise of the power of annulment given by it. Where, however, a thing to be done is a condition precedent to the exercise of a power granted, it is essential to the existence of the power, and being of the essence thereof, must be strictly observed: Norwegian Str., 81 Pa. 349; Reading v. Krause's Est., 167 Pa. 23. If it is not, the attempt to exercise the power cannot be otherwise than ultra vires. Now, whilst a public officer clothed with a discretion is not, when proceeding in conformity with the statute, liable to be controlled by the courts in the exercise of that discretion, Runkle v. Com., 97 Pa. 328; Dechert v. Com., 113 Pa. 229, if he attempts that which is ultra vires, the courts will restrain him by injunction: Roth v. Marshall, 158 Pa. 272, 274; 2 High, Inj. sec. 1309; 1 Spelling, Extraord. Relief, sec. 609.

Sec. 41, act of May 8, 1854, P. L. 626, empowers the superintendent to annul the certificate treated of in the preceding part of the section, "giving at least ten days' previous notice thereof, in writing, to the teacher holding it," etc. The unmistakable meaning of this language is, that the teacher whose certificate it is intended to annul shall have notice of that intention preceding its consummation, and ten days from the giving of the notice within which to be heard in his defense. The meaning of the law is the law itself: Reiser v. Sav. F. Ass'n, 39 Pa. 137, 144. Where a thing is to be done within a certain period from a given date, the rule established in this state down to and including Goswiler's Est., 3 P. & W. 200, was that the day from which the reckoning begins is excluded from the computation of the period allowed. That decision was, it is true, impeached by Thomas v. Afflick, 16 Pa. 14. But the rule laid down in this case was in turn regretted and doubted in Cromelien v. Brink, 29 Pa. 522, and the earlier decisions are again referred to as authority in Marks' Ex'rs v. Russell, 40 Pa. 372. Their doctrine is reiterated in Brisben v. Wilson, 60 Pa. 452; Duffy v. Ogden, 64 Pa. 240; Menges v. Frick, 73 Pa. 137;

Edmundson v. Wragg, 104 Pa. 500.   Finally, in Lutz's Appeal, 124 Pa. 273, it is declared to have been the existing law at the time of the passage of the act of June 20, 1883, P. L. 136.   Nor did the latter statute (the applicability of which to a case like this may be questionable under Cascade Overseers v. Lewis Overseers, 148 Pa. 333) change that law; for in Lutz's App., 124 Pa. 280, it is decided to have been simply declaratory of the previous law.

The case, then, made by plaintiff's bill read in connection with the answer, presents itself as follows: The defendant, as superintendent, claiming the power to annul plaintiff's certificate under and in accordance with the act of 1854, sec. 41, was bound to notify him of the intended exercise of that power, and to give him at least ten days from the date of such notice to be heard in his defense, excluding the day of the notification and including the whole of the tenth day thereafter, before the expiration of which the intended action could not lawfully be taken; on July 6, defendant notified plaintiff that on July 16 his certificate would be annulled; assuming that such a declaration did not negative a willingness to hear any defense that might be presented, defendant thus gave plaintiff only nine entire days within which to present it.   This was not a compliance with the requisition of the statute, and as without compliance therewith there is no power of annulment under the same, the attempted exercise of that power by defendant in this case must be held to be ultra vires.   Of course, the plaintiff cannot be compelled to accept a less allowance of time than the statute gives him, or to demand from the defendant the full allowance in the face of a notification denying it to him in advance.

Under this view, an examination into the numerous remaining questions discussed by counsel at the hearing is unnecessary.

And now, to wit, August 24, 1895, the motion to dissolve the preliminary injunction is overruled, and the preliminary injunction is continued until final hearing.

*Error assigned* was decree continuing preliminary injunction.

*C. H. Ruhl,* of *Ermentrout & Ruhl, Jeremiah K. Grant* with him, for appellant. — It was held in construing the act of March 21, 1872, in Thomas v. Afflick, 16 Pa. 14, that where a

notice was served, under this act, on May 19 and suit brought on June 18, that such suit was not premature, but that full time was given by the notice : Lutz's App., 124 Pa. 273.

The law does not regard fractions of a day : Duffy v. Ogden, 64 Pa. 240 ; Cascade Overseers v. Lewis Overseers, 148 Pa. 333.

The act of June 20, 1883, P. L. 136, leaves no doubt, however, upon this question of the computation of time : Edmundson v. Wragg, 104 Pa. 500.

*Stephen M. Meredith* and *Cyrus G. Derr*, for appellee, were not heard but argued in their printed brief that the time of notice was insufficient, especially as the statute is highly penal, and the act to be done is the forfeiture of the right to a public office : Goswiler's Est., 3 P. & W. 200 ; Thomas v. Afflick, 16 Pa. 14 ; Cromelien v. Brink, 29 Pa. 522.

The appellee was entitled to an opportunity of being heard, and this necessarily implies that a time and place should have been fixed and duly notified to the appellee : King v. University of Cambridge, 1 Strange, 556 ; Windsor v. McVeigh, 93 U. S. 274.

Courts of equity will interfere to control the action of public officers constituting quasi judicial tribunals, in cases of oppression, bad faith, and irreparable injury : 3 High on Injunctions, sec. 1308.

The certificate can be annulled only when the person to whom it has been granted ceases to be capable of teaching the enumerated branches : Endlich on the Interpretation of Statutes, sec. 186 ; Com. v. Mann, 168 Pa. 297.

*C. H. Ruhl,* of *Ermentrout & Ruhl, Jeremiah K. Grant* with him, for appellant in reply.—Where a person or body is clothed with judicial, deliberative or discretionary powers, he is not liable to be controlled in his judgment within the scope of his authority by any court through the agency of a writ of mandamus or otherwise : Runkel v. Com., 97 Pa. 328 ; Finch v. Cleveland, 10 Barbour, 296 ; People v. Board of Education, 17 Barbour, 299 ; McCrea v. School District, 145 Pa. 550.

PER CURIAM, March 27, 1896 :

The order of the learned court below continuing the preliminary injunction in this case is affirmed.