## Guyer v. Bender.

*Practice, J. P.—Summons—Return-day—Computation of time—Five days —Act of March 20, 1810.*

A summons issued by a justice of the peace is returnable, under the Act of March 20, 1810, § 2, 5 Sm. Laws, 161, "not more than eight, nor less than five, days after" its date. The five days contemplated are five full, clear and separate days which must intervene between the date of issue of the summons and the return-day. Both return-day and day of issue must be excluded in the computation of the five days.

*Certiorari* to justice of the peace. C. P. Northumberland Co., May T., 1923, No. 423.

*Ralph L. Belford,* for plaintiff; *A. L. Swartz,* for defendant.

LLOYD, J.—This case is now before us on a *certiorari* issued April 12, 1923. From the transcript entered by the justice of the peace it appears that the above action was instituted to recover the possession of the premises under the Landlord and Tenant Act of Dec. 14, 1863, P. L. (1864) 1125; that a summons was issued by said justice on April 6, 1923, commanding the defendant to appear on April 11, 1923, between the hours of 9 and 9.30 A. M., to answer the complaint of the plaintiff. The details of the proceedings relating to the hearing and the resultant judgment, in the exact words of the transcript, are as follows:

"And now, April 11, 1932, hearing, Frank P. Guyer, complainant, appears in person with his attorneys, Edwin Paul, Esq., and Ralph L. Belford, Esq. Frank P. Guyer called and sworn; Stella Guyer, sworn for plaintiff; defendant, E. Bender, does not appear.

"After hearing proofs and allegations offered by the plaintiff, the said justice of the peace finds the facts alleged in the complaint are true, and that the complaint is sustained in all particulars, and that the said justice of the peace doth publicly enter judgment in favor of the plaintiff and against the said

4 D. & C.

Guyer v. Bender.

E. Bender or Ebbie Bender, tenant, that he forthwith give up possession of the premises to the said Frank P. Guyer, lessor, as well as for the costs of the proceedings, at 10.30 A. M., April 11, 1923."

To this transcript counsel for the defendant filed the following six exceptions:

1. The justice of the peace in this case had no jurisdiction over the person of the defendant.

2. The summons in this case was issued April 6, 1923, returnable April 11, 1923, which is less than five days required by the Act of March 20, 1810, § 2, 5 Sm. Laws, 161.

3. The record of the justice fails to show any hearing or appearance at the time set in the summons, viz., between 9 o'clock A. M. and 9.30 o'clock A. M.

4. The record does not show that plaintiff appeared at time set in summons for the hearing.

5. The record does not show that defendant did not appear at time set in summons for the hearing.

6. The record does not show the hearing to have been at any other time than at 10.28, and nothing can be taken by intendment, and what the record does not show cannot be presumed.

The first exception is too general to command consideration, and is, therefore, dismissed.

The question raised by the second exception is whether or not, upon a summons issued by a justice of the peace under the Act of March 20, 1810, § 2, 5 Sm. Laws, 161, both the return-day and the day of issue must be excluded in the computation of the five days. Our attention has not been called to any case in which the Supreme Court has passed upon the rule of service under the said Act of 1810, although in cases under analogous statutes involving the computation of time, the Supreme Court has held that both terminal days must be excluded: Gregg's Estate, 213 Pa. 260; Davis v. Davis, 128 Pa. 100; Whitton v. Milligan, 153 Pa. 376; Scheibner v. Baer, 174 Pa. 482. The Superior Court, however, in the case of Justice v. Meeker, 30 Pa. Superior Ct. 207, in passing upon a question of service under the Act of 1810, decided that "the time is to be computed by excluding the first day, that of the date of the summons, and including the last day, that of the return of the summons," and held that summons issued May 17th must be returnable on the 22nd of the same month. There is thus created not only an apparent but a vital variance in the methods of computation established by our appellate courts, and that this variance has caused an unsettled practice is evidenced by the growing number of relevant decisions of the lower courts. The trend of these decisions inclines to the method of computation as established by the Supreme Court. In the case of Conoway v. Smith, 16 Dist. R. 501, Judge Smith, of Clearfield County, in an able and exhaustive opinion, reviewed the said decision of the Superior Court and so carefully and logically discusses the underlying principles as to carry the conviction of correctness. He reaches the conclusion that: "Under the Act of March 20, 1810, § 2, 5 Sm. Laws, 161, providing that the summons of a justice shall command the defendant to appear 'on a certain day therein to be expressed, not more than eight nor less than five days after' its date, five full, clear and separate days must intervene between the date of issue and the return-day. The return-day and day of issue must both be excluded in the computation."

This case is also commendably referred to and cited with approval by Judge Wickersham, in Dauphin County, in the case of Biever v. Troiano, 2 D. & C. 487, wherein a like conclusion was reached.

We are convinced that the method of computing the time as established by the Supreme Court in the above cited cases should obtain in the case at bar, and we, therefore, conclude that the return was premature, and for that reason the second exception must be sustained.

This disposition of the second exception renders it unnecessary to pass upon the remaining exceptions.

And now, June 28, 1923, the second exception is sustained, the proceedings of the justice are set aside, and judgment for costs is entered for the defendant and against the plaintiff.                    ,          From C. M. Clement, Sunbury, Pa.