## Vance v. Ferrara, etc.

*Edward T. Kelley*, for plaintiff.
*Ross H. Pentz*, for defendant.

BELL, P. J., August 4, 1950.—Complaint in trespass was filed June 7, 1950, and served by the sheriff on June 15, 1950. The complaint was endorsed with a notice to plead within 20 days from the date of service thereof. On July 5, 1950, plaintiff's counsel filed a præcipe directing the prothonotary to enter judgment for plaintiff and against defendant in accordance with Pa. R. C. P. 1047, which authorizes judgment against defendant in actions of trespass, and damages to be assessed at the trial.

On July 6, 1950, an answer was filed with new matter, the endorsement being to file within 20 days from the date of service, and service was accepted July 7, 1950. On July 10, 1950, a motion, which is not included

in the court papers, was presented by defendant, averring that the judgment had been taken prematurely and a rule was granted to show cause why the same should not be stricken off. The case was placed on the argument list and briefs have been filed by both parties.

There is no contention that judgment should be opened and defendant let into a defense, based on the equitable powers of the court. The answer was one day late. The rule was designed to bring about a prompt disposal of all cases. On a delay for so short a time, leniency is usually exercised in permitting the litigant to have a trial on the merits, if any reasonable excuse is given for failure to file in time. No request was ever presented to the court to extend the time for filing an answer, and the case comes solely before the court on the proposal that the judgment was prematurely entered.

The case is presented to the court solely on the proposal that the taking of a judgment by plaintiff on July 5th was improper. The complaint was served June 15, 1950. Excluding the fifteenth day of June, the fifth day of July was the twentieth day within which defendant had a notice that he had to file his answer by the endorsement on the complaint. The twentieth day after June 15th was July 5th, so defendant did not file his answer until the twenty-first day. Had the answer been filed on July 5th a different question would be presented. See Duncan v. Bell, Johnston, Jack & Co., 28 Pa. 516; Browne v. Browne, 3 S. & R. 496; Scheibner v. Baer, 174 Pa. 482, and Cromelien v. Brink, 29 Pa. 522.

We have found no cases as to the exact time in which a judgment by default may be taken.

"If judgment is entered before the time fixed thereby it will be premature and the court, on motion, will

strike it off": 4 Standard Pa. Practice 14, pages 33 and 34.

See also 4 Standard Pa. Practice 206, pages 201 and 202, which says judgment may be entered for want of an affidavit of defense after defendant is in default. That is, at any time *after* the expiration of 15 days from the time that the statement is served upon him. In Bordentown Banking Co. v. Restein, 214 Pa. 30, we find this statement:

"The judgment for want of an affidavit, or of a sufficient affidavit of defense, is a judgment for default, and if there is no default at the time it is entered, it is irregular and void, even though it might have been regularly entered earlier while the default existed."

Defendant has the whole of the last day to make an appearance and file an affidavit of defense, and judgment can not be entered against him on that day. See Porter v. Hower, 9 Pa. C. C. 283, 8 Lanc. 174. A judgment entered on the morning of the last day for filing will be stricken from the record as prematurely entered. See McTee & Co. v. Clark, 13 Northumb. 297. As defendant had until the close of the office of the clerk of the court, in which to file his affidavit of defense on the twentieth day, namely July 5th, the taking of a judgment prior to that time was premature, and we have no option other than to strike the judgment as requested.

We will make the following

### Order

Now, August 4, 1950, for the reasons given in the foregoing opinion, the motion to strike the judgment entered in this case is affirmed. Permission to file the affidavit of defense already filed is granted, and plaintiff directed to file an answer on the merits within 20 days from the date of this opinion.