## Superior National Bank *v.* Stadelman, Appellant.

*Affidavit of defence—Form of—Practice, C. P.*

An affidavit of defence which consists merely of a series of short disjointed sentences, setting forth no particulars or specific facts, but constituting single and unconnected propositions involving conclusions of law as well as of fact, is bad in form. The affidavit should state the facts specifically, and with sufficient detail to enable the court to say whether or not they amount to a defence.

*Promissory note—Affidavit of defence—Suit by indorsee.*

In an action by the indorsee of a promissory note against the maker, an affidavit of defence setting forth that there was no consideration for the note, that plaintiff had notice of that fact, and that plaintiff paid no money to this defendant for the note, is insufficient, as the facts alleged are entirely consistent with plaintiff being a holder for value, through a prior indorser, of an accommodation note.

In such a case an averment that the payee was an officer of the bank (plaintiff) and "had notice of the entire transaction," without stating what the transaction was, is a nullity, as are also the further averments that the bank by its officers accepted the note without any liability on the part of the maker, and that the maker was discharged from liability by the plaintiff. It is uncertain whether these are meant to be averments of facts or inferences of law from particular facts not set forth; and such uncertainty is fatal to the sufficiency of the affidavit.

*Practice, C. P.—Rule to plead—Rule for judgment—Waiver.*

Where plaintiff enters a rule to plead, and subsequently takes a rule for judgment for want of a sufficient affidavit of defence, and the latter rule is argued by defendant upon its merits, and is made absolute by the

court, defendant cannot subsequently object to the judgment because the rule to plead was entered before the rule for judgment.

In such a case there was no loss or hardship to defendant, but merely a failure to obtain the benefit of a technical advantage by failing to claim it at the proper time.

Argued Feb. 2, 1893. Appeal, No. 136, Jan. T., 1893, by defendant, Jacob L. Stadelman, from order of C. P. Montgomery Co., Oct. T., 1892, No. 110, making absolute a rule for judgment. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit by indorsee against maker of promissory note.

From the record it appeared that suit was brought upon the following promissory note :

"$2,500.                                        March 8, 1892.

"Five months after date I promise to pay to the order of A. A. Cadwallader Twenty-five Hundred Dollars at Merion Title and Trust Co., at Ardmore, Pa., without defalcation, for value received.                          J. L. STADELMAN."

The following indorsements were on the note :

"A. A. CADWALLADER.

"Pay W. H. SLINGLUFF, Cashier.

"For collection and rem. account of Superior National Bank, West Superior, Wis.          THOS. G. ALVORD, President.

"Endorsements cancelled.

"For collection for account of Montgomery National Bank, of Norristown, Pa.          W. H. SLINGLUFF, Cashier.

"For collection and credit of Bryn Mawr National Bank, Pa.
                    "J. W. MATLACK, Cashier."

Plaintiff in its statement averred that it became the owner of said note before maturity for its face value less legal discounts, in the regular course of banking business, with averment as to amount due, etc.

On Aug. 30, 1892, defendant filed an affidavit of defence, containing the following averments :

"1. There was no consideration for said note.

"2. The plaintiff had notice that there was no consideration for said note.

"3. The plaintiff never paid this defendant any money for said note.

"4. The said A. A. Cadwallader, the payee, was an officer of said plaintiff bank and had notice of the entire transaction.

" 5. The maker of said note was not to be held liable upon it.

" 6. The bank plaintiff, by its officers duly constituted, accepted said note without any liability on the part of the maker.

" 7. The maker was discharged from liability by the plaintiff.

" 8. The said note never passed out of the possession and control of the original holder, the plaintiff.

" 9. The proceeds of said note, if discounted, never passed out of the plaintiff to any third party."

On Oct. 5, 1892, plaintiff entered a rule to plead.  On Oct. 27, 1892, plaintiff entered a rule for judgment for want of a sufficient affidavit of defence.  On the same day defendant filed a plea of non-assumpsit.  The rule for judgment was subsequently argued upon its merits, and, on Nov. 21, 1892, was made absolute by the court, WEAND, J.

*Errors assigned* were (1) in making the rule for judgment for want of sufficient affidavit of defence absolute; (2) in entering judgment for want of a sufficient affidavit of defence ; (3) in not deciding that the affidavit of defence was sufficient ; (4) in not deciding that plaintiffs had waived their right to ask for judgment for want of a sufficient affidavit of defence ; (5) in not dismissing the rule.

*Gilbert R. Fox*, for appellant.—The affidavit of defence was sufficient : Barnet v. Offerman, 7 Watts, 133 ; Youngman v. Walter, 73 Pa. 137 ; Bronson v. Silverman, 77 Pa. 95 ; Leibersperger v. Reading Savings Bank, 30 Pa. 531 ; Eyre v. Yohe, 67 Pa. 477 ; Kreckel v. Britton, 4 Del. Co. R. 177 ; Paul v. Trinley, 5 Montg. Co. R. 214 ; Moeck v. Littell, 82 Pa. 354.

Plaintiffs waived their right to ask for judgment for want of a sufficient affidavit of defence by allowing the cause to proceed as if they had elected to have the matter tried by a jury upon its merits : Lusk v. Garrett, 6 W. & S. 89 ; O'Neal v. Rupp, 22 Pa. 397 ; Duncan v. Bell, 28 Pa. 516 ; Johnston v. Ballentine, 1 W. N. 626.

*Louis M. Childs, Montgomery Evans* with him, for appellee.—Plaintiff had the right to take judgment for want of a sufficient affidavit of defence after entering the rule to plead : Good Intent Co. v. Hartzell, 22 Pa. 277 ; Chamberlin v. Hite, 5 Watts, 373 ; Witmer v. Schlatter, 15 S. & R. 150 ; Riddle v. Stevens, 2 S. & R. 537 ; Fehr v. Reich, 36 Pa. 472.

In Lusk v. Garrett, 6 W. & S. 89, there had been an arbitration and an award in favor of plaintiff, and defendant had appealed, filing the necessary affidavit required by law. Plaintiff's attorney then signed judgment in the prothonotary's office for want of an affidavit of defence. There defendant had no notice of the action of plaintiff, and the merits were not brought to the attention of the court.

In O'Neal v. Rupp, 22 Pa. 397, no notice was given to defendant or his attorney of the rule for judgment, nor was any argument had upon the rule before it was made absolute.

In Duncan v. Bell, 28 Pa. 516, there was a rule to arbitrate, judgment upon award, and an appeal by defendant. Subsequently the court entered judgment for want of a sufficient affidavit of defence. On the same day, but after the judgment was entered, an affidavit of defence was filed. The only point decided was that the affidavit of defence was filed in time and the judgment had been taken prematurely.

In Horner v. Horner, 145 Pa. 258, Mr. Justice McCollum refused to be controlled by the dicta in O'Neal v. Rupp, 22 Pa. 397, and Duncan v. Bell, 28 Pa. 516, and decided that a notice to plead is not a waiver of the right to judgment for want of a sufficient affidavit of defence.

The affidavit was insufficient: Sanders v. Sharp, 31 W. N. 374; Peck v. Jones, 70 Pa. 83; Comly v. Bryan, 5 Whart, 264.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893:

The affidavit was bad in form, as it consisted merely of a series of short disjointed sentences setting forth no particulars or specific facts, but constituting single and unconnected propositions involving conclusions of law as well as of fact. This is not enough. The affidavit should state the facts specifically, and with sufficient detail to enable the court to say whether or not they amount to a defence: Kaufman v. Iron Co., 105 Pa. 537; Noble v. Kreuzkamp, 111 Pa. 68; Sanders v. Sharp, 31 W. N. 374 [153 Pa. 555].

But the affidavit is also insufficient in substance. Defendant is the maker and plaintiff the indorsee and holder of a promissory note. That there was no consideration for the note, that plaintiff had notice of that fact, and that plaintiff paid no money *to this defendant* for the note, makes no defence at all,

being entirely consistent with plaintiff's being a holder for value through a prior indorser, of an accommodation note. The averment that the payee was an officer of the bank and " had notice of the entire transaction," without stating what the transaction was, so that the court might judge of it, was a nullity, as were also the further averments that the bank by its officers accepted the note without any liability on the part of the maker, and that the maker was discharged from liability by the plaintiff. It is uncertain whether these are meant to be averments of facts or inferences of law from particular facts not set forth, and such uncertainty is fatal to the sufficiency of the affidavit. The remaining averment that the maker was not to be held liable on the note, was in flat contradiction of the writing, and denied the only force the signature to the note could have. Such a defence is inadmissible.

The affidavit being insufficient both in form and in substance, the only remaining question is whether plaintiff waived its right to judgment by entering a rule to plead. It was held in O'Neal v. Rupp, 22 Pa. 395, and Duncan v. Bell, 28 Pa. 516, that a plaintiff must move for judgment before he has taken any other steps, subsequent to the affidavit, calculated to mislead the defendant. This was but the adoption by this court of the practice long previously existing in Philadelphia county where affidavits of defence originated, and which has continued down to the present time. Hamer v. Humphrey, 2 Miles, 28 ; Johnston v. Ballentine, 1 W. N. 626. This long established practice it is not desirable, nor is it intended, to disturb. But it is plainly in relief of the defendant, as it tends to excuse him from what is now in the appropriate actions, a statutory requirement. Being for his benefit therefore, he may waive it, and we are of opinion that he has done so here. This point was not brought to the notice of the court below when the rule for judgment was argued, and it is admitted that it is first presented here. It comes too late. There has been no loss or hardship to the defendant but merely a failure to get the benefit of a technical advantage by failing to claim it at the proper time. Though the judgment, in strict law, is irregular in this respect, the appellant has no right now to complain of it.

Judgment affirmed.