## Isaac S. Smyth, John Field and Theodore R. Graham, trading as Young, Smyth, Field & Co., *v.* David Miller, Appellant.

*Attachment under act of March 17, 1869—Affidavit of defense—Practice, C. P.*

The act of the court in discharging a rule to dissolve an attachment under the act of March 17, 1869, P. L. 8, cannot in any way impair the efficacy of the affidavit of defense. The attachment is merely part of the process to secure the alleged fraudulently contracted debt in advance of obtaining judgment for the amount thereof; and, whether the attachment is dissolved or not, it is incumbent on the plaintiffs to establish their claim against the defendant.

In an action of assumpsit to recover the price of several lots of goods sold and delivered on credits of sixty days, an affidavit of defense is sufficient, which avers, that so far as the goods were not paid for, the term of credit of neither purchase had expired when suit was brought.

In such a case affidavits procured by plaintiffs and used in opposition to a rule to dissolve an attachment under the act of March 17, 1869, P. L. 8, cannot be resorted to for the purpose of disproving or nullifying the averments of the affidavits of defense that neither of the items of plaintiffs' claims was due and payable when suit was brought.

Argued March 23, 1896. Appeal, No. 401, Jan., T., 1895, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 64, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Assumpsit for goods sold and delivered.

From the record it appeared that the action was instituted by attachment under act of March 17, 1869, P. L. 8, on November 15, 1893, to recover the price for which merchandise had been sold by the plaintiffs to the defendant. On November 16, 1893, a rule to dissolve the attachment was allowed. On December 22, 1893, a statement of claim was filed, which was replied to by affidavit of defense on December 30, 1893. On January 5, 1894, the defendant was ruled to plead, and on January 16, 1894, a plea was filed. On February 12, 1895, the rule to discharge the attachment was discharged. On February 13, 1895, after the case was at issue, a rule for judgment for want of sufficient affidavit of defense was allowed. The affidavit of defense substantially denies the right of the plaintiffs to maintain the present suit because none of the items of claim was due at the time this suit was brought, the term of sixty days credit not having expired.

Upon the argument of the rule for judgment for want of sufficient affidavit, it was contended and argued that the effect of sustaining the attachment and discharging the rule to dissolve the attachment, was to make the debt immediately due, despite the fact that the affidavit of defense alleged that it was not due.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Joseph L. Greenwald, Clinton O. Mayer* with him, for appellant, cited Harbert v. Gormley, 115 Pa. 237; Fernau v. Butcher, 113 Pa. 292; Heller v. Royal Ins. Co., 151 Pa. 105; Barr v. McGary, 131 Pa. 406; O'Neal v. Rupp, 22 Pa. 395; Duncan v. Bell, 28 Pa. 519.

*John Weaver, John Sparhawk, Jr.,* with him, for appellee, cited: Walls v. Campbell, 125 Pa. 351; Readdy v. Shamokin Borough, 137 Pa. 92; Banking Co. v. Stadelman, 153 Pa. 634.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 6, 1896:

If the affidavit of defense, when filed, was sufficient to carry

the case to a jury and thus prevent a summary judgment against defendant, nothing that occurred afterwards could render it ineffectual for that purpose. It is a mistake to suppose that the act of the court discharging the rule to dissolve the attachment could in any way impair the efficacy of the affidavit of defense. The attachment is merely part of the process to secure the alleged fraudulently contracted debt in advance of obtaining judgment for the amount thereof; and, whether the attachment was dissolved or not, it was incumbent on the plaintiffs to establish their claim against the defendant. If they fail to obtain judgment against him, the attachment of course becomes inoperative. Assuming—as we must until the contrary is established either by the verdict of a jury or defendant's own admission—that the facts averred in his affidavit are true, they clearly constitute a defense to plaintiffs' claim as presented in their statement. In substance, the material averments are that the several purchases of goods for recovery of the price of which this suit was brought were made on credits of sixty days each, etc., and that, so far as the goods were not paid for, the term of credit of neither purchase had expired when suit was brought. Affidavits procured by plaintiffs and used in opposition to the rule to dissolve the attachment could not be resorted to for the purpose of disproving or nullifying the averments that neither of the items of plaintiffs' claim was due and payable when suit was brought. On that question of fact defendant was entitled to a trial by jury. It also appears that more than a year before the rule for judgment was taken, the defendant, in obedience to plaintiffs' rule on him, filed his plea, and the cause was substantially at issue: O'Neal v. Rupp, 22 Pa. 395. But, assuming that the rule for judgment was taken in time, we are clearly of opinion that the learned court erred in holding that the affidavit of defense is insufficient.

Judgment reversed and a procedendo awarded.