## Thompson, Appellant, v. Donaldson.

*Practice, C. P.—Affidavit of defense—Waiver by plaintiff—Arbitration.*

1. A party who intends to ask for judgment for the reason that the affidavit of defense is deficient must do so before he has taken any steps in the case, subsequent to the affidavit, calculated to mislead his opponent.

2. Where a plaintiff after having filed his statement of claim, enters a rule for arbitration, and the defendant files an affidavit of defense,

and thereafter the plaintiff proceeds with the arbitration until an adverse decision is rendered against him by arbitrators, he cannot after such decision, enter a rule upon the defendant for judgment for want of a sufficient affidavit of defense.

Argued April 29, 1910. Appeal, No. 186, April T., 1910, by plaintiffs, from order of C. P. No. 3, Allegheny Co., Nov. T., 1909, No. 2, discharging rule for judgment for want of a sufficient affidavit of defense in case of Scott Thompson and W. T. Fogal v. Joseph Donaldson and Frank L. Armstrong. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court below in an opinion by EVANS, J., discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John A. Metz,* for appellants.—The plaintiffs have not waived their right to object to the sufficiency of the affidavit of defense by reason of the reference of the cause to arbitrators, at the instance of the plaintiffs, fifteen days before the affidavit of defense was filed, and an award in favor of the plaintiffs, from which the defendants appealed: Horner v. Horner, 145 Pa. 258.

*N. B. Madden,* with him *E. L. Mattern,* for appellees.— Appellants by their procedure waived their right to object to the sufficiency of the affidavit of defense: Gregg v. Meeker, 4 Binn. 428; Duncan v. Bell, 28 Pa. 516; O'Neal v. Rupp, 22 Pa. 395.

OPINION BY RICE, P. J., July 20, 1910:

This is an appeal from the order discharging plaintiffs'

rule for judgment for want of a sufficient affidavit of defense. The court did not pass on the sufficiency of the affidavit, but held in a well-considered opinion that the plaintiffs had waived the right to ask for judgment for deficiency in the affidavit of defense. The facts are as follows: The plaintiffs filed their statement of claim before the return day and on the return day entered a rule for compulsory arbitration. On the day before the arbitrators were to be chosen the defendants filed an affidavit admitting $91.90 to be due, and setting up a defense to the balance of the claim. Before the meeting of the arbitrators the plaintiffs, by præcipe filed, entered judgment for the amount admitted and elected to proceed for the balance. The arbitrators made an award in favor of the plaintiffs in the sum of $368, from which the defendants appealed. After the appeal and after satisfying the judgment for the amount admitted, the plaintiffs entered the rule for judgment for $719.63, this being the balance of their claim after deducting the $91.90. It was held in Taber v. Olmsted, 158 Pa. 351, that, where there is no standing or general rule of court allowing plaintiff to take judgment and have execution for that part of his claim which is admitted and to proceed in due legal course for the part which is contested, the court has power to make a special order in a particular case to permit the plaintiff so to do, and thereafter to proceed by motion for judgment for want of a sufficient affidavit of defense. It is thus seen that the plaintiffs had their election either to contest the sufficiency of the affidavit by entering a rule for judgment or to treat it as sufficient and proceed for the collection of the contested balance by bringing the case to trial. They, however, did not avail themselves of the former right, but just as plainly elected to bring the case to trial on the merits as if they had ruled the defendants to plead and had put the cause at issue. In O'Neal v. Rupp, 22 Pa. 395, it was held that a party who intends to ask for judgment for the reason that the affidavit of defense is deficient must do so before

he has taken any steps in the cause, subsequent to the affidavit, calculated to mislead his opponent. The rule laid down in that case was distinctly and unequivocally recognized and approved in Superior National Bank v. Stadelman, 153 Pa. 634, where it was said: "It was held in O'Neal v. Rupp, 22 Pa. 395, and Duncan v. Bell, 28 Pa. 516, that a plaintiff must move for judgment before he has taken any other steps, subsequent to the affidavit, calculated to mislead the defendant. This was but the adoption by this court of the practice long previously existing in Philadelphia county, where affidavits of defense originated, and which has continued down to the present time: Hamer v. Humphreys, 2 Miles, 28; Johnston v. Ballentine, 1 W. N. C. 626. This long-established practice it is not desirable, nor is it intended, to disturb." The authority of O'Neal v. Rupp and the principle there stated, and reiterated in Superior National Bank v. Stadelman, were again distinctly affirmed in Bordentown Banking Co. v. Restein, 214 Pa. 30. The third paragraph of the syllabus in Duncan v. Bell would exactly rule the case before us, and this paragraph of the syllabus is sustained by the opinion of ARMSTRONG, J., but it was pointed out in Horner v. Horner, 145 Pa. 258, that that case as reported is misleading because the only point decided was that the affidavit was filed in time. This seems to be correct, because two of the judges dissented in Duncan v. Bell, and one, while concurring in the judgment, did so exclusively upon the point last mentioned. We, therefore, do not cite the case of Duncan v. Bell as a controlling authority in the present case. It certainly is not an authority against the position taken by the common pleas in the present case. That position is also sustained to some extent by the cases of Gregg v. Meeker, 4 Binn. 428, and Lusk v. Garrett, 6 W. & S. 89. But even treating the question as a new one and applying the well-settled principle upon which a waiver of the right to judgment for want of a sufficient affidavit of defense is implied by the action of a plaintiff, we think

there can be no reason to doubt the correctness of the
conclusion reached by the learned judge of the common
pleas, unless the rule has been changed by statute. It is
contended that the Act of May 14, 1874, P. L. 159,
changed the rule, and if the words "and a rule of reference
shall in no case prevent the plaintiff from moving for or
the court from entering judgment for want of a sufficient
affidavit of defense" stood alone, unexplained and un-
qualified by the context, it might be argued, with some
plausibility, that no waiver could be implied from the
mere fact that the plaintiffs went on with the arbitra-
tion notwithstanding the affidavit of defense had been
filed before the arbitrators were chosen. But, looking
at the context, there is strong reason for believing that
the rule of reference which the legislature had in view
was one taken by the defendants. Prior to the passage
of this act the defendants could arbitrate the case even
before statement filed by the plaintiffs. The purpose of
the act was to prevent the defendants, under certain
circumstances, from ruling the case for arbitration until
after they had filed an affidavit of defense, and then in
order to put it out of the power of the defendants to
prevent the plaintiffs from contesting the sufficiency of
the affidavit of defense the words above quoted were
added. But even if it be conceded that the act may
apply under some circumstances to a case where the rule
of reference has been taken by the plaintiffs, we think
it cannot apply under all the circumstances of the present
case to enable the plaintiffs, after having arbitrated the
case and obtained an award for less than half their claim,
to resort then to this mode of obtaining judgment for
the whole claim. Judge EVANS well says, "Every step
taken by the plaintiff, commencing with the choosing
of the arbitrators, was unnecessary if he intended to in-
sist that the affidavit of defense was deficient. The costs
of the arbitration which the defendant would be com-
pelled to pay if judgment be entered were unnecessary
costs imposed upon him by the voluntary act of the

plaintiffs if the plaintiffs were entitled to judgment for want of a sufficient affidavit of defense."

The appeal is dismissed at the costs of the appellants, without prejudice, etc.