## Concannon v. Little, Jr., Appellant.

Argued December 13, 1928. Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*W. A. Hamilton,* and with him *Francis Chapman,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY KELLER, J., January 25, 1929:

The evidence produced by the plaintiff was contrary to that of the defendant. Issues of fact were raised which were for the jury to decide. They found for the plaintiff, and in passing on appellant's right to judgment non obstante veredicto we must consider the evidence and the inferences to be drawn therefrom in the light most favorable to plaintiff.

The following facts could have been found by the jury. Plaintiff was driving her car eastward on Catherine Street, Philadelphia, on a Sunday morning. She was taking her two aunts,—one of them over seventy-five years old—, to church and was traveling about twelve miles an hour. As she approached the intersection with Fiftieth Street she looked to the left and saw a car traveling southward on Fiftieth Street, about one hundred and fifty feet away. She had the right of way and ample time to cross the street ahead of the approaching car if it continued in its course at a reasonable rate of speed. But when she was half way across the defendant increased his speed—("stepped on the gas," he said)—and swerved to the left in an endeavor to pass in front of plaintiff's car, striking it when she was nearly across the street and was veering to her right to avoid him, and injuring both the plaintiff and her car. Fiftieth Street is sixty feet wide from house line to house line, and thirty-four feet wide between curbs. We are not convinced that the physical facts in evidence made such a finding im-

possible, or even improbable, or convicted the plaintiff of contributory negligence. The apparent inconsistency in the plaintiff's testimony as to when she first saw the defendant, referred to by appellant in his argument, may have been satisfactorily reconciled by the jury by distinguishing between when she first saw defendant's car and when she first saw him.

Judgment affirmed.