McNulty *v.* Joseph Horne Co., Appellant.

Argued October 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John C. Sheriff,* of *Sheriff, Lindsay, Weis & Hutchinson,* with him, *Richard W. Greer,* for appellant.— Plaintiff's own testimony shows her to have been guilty of contributory negligence: Gosling v. Gross, 66 Pa. Superior Ct. 304; Gray v. Fox, 69 Pa. Superior Ct. 218; Rose v. Quaker City Cab Co., 69 Pa. Superior Ct. 208.

There is not sufficient evidence in the record of any negligence on the part of defendant: Presser v. Daugherty, 239 Pa. 312.

*Richard C. Long,* with him *Rody P. & Meredith R. Marshall,* for appellee, cited: Miller v. Siebert, 296 Pa. 400; Ferry v. Transit Co., 232 Pa. 403; Alperdt v. Paige, 292 Pa. 1; Davis v. Ice Co., 285 Pa. 181.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

Jefferson Drive, a much traveled public highway, extends through Mount Lebanon Township, near Pittsburgh, in an easterly and westerly direction. It is entered from the north by Hemlock Street, a short and not greatly traveled highway. The streets are practically at right angles and Hemlock ends on a down grade in Jefferson. At the time in question, there was a high bank on the northwestern corner of the intersection, preventing a view of approaching traffic from one street to the other until near the intersection. In view of the verdict, we must accept plaintiff's version of the facts. So doing, it appears that on the afternoon of June 18, 1927, Miss McNulty, the plaintiff, was driving her Hudson sedan eastwardly along Jefferson Drive at the speed of fifteen or twenty miles an hour, when suddenly and without warning, one of defendant's large auto furniture trucks or vans, shot out of Hemlock Street, struck her car with such violence as to send it over the curb and beyond her control; that it then ran wild down through a field, where it tipped over, was wrecked and she seriously injured. For the damages thus sustained, plaintiff recovered a verdict and judgment and defendant has appealed.

Defendant's version of the occurrence as testified to by the truck driver, his helper and a neighbor woman, was entirely different and, if credited, relieved the defendant of liability. Their testimony was to the effect that the truck came first to the intersection and after stopping and looking at the edge of Jefferson Drive entered it and turned east, and then plaintiff approached from the west with her car and, apparently because of the slippery condition of the street, it moved unsteadily and before reaching Hemlock Street went over the south curb of Jefferson Drive and was wrecked in the field as above stated. Further, that it neither touched nor came near the autotruck. Plaintiff, however, was clear in her testimony and, although outnumbered three to one, nec-

essarily made a question of fact for the jury. "A question of fact supported by the positive evidence of one witness cannot be withdrawn from the jury no matter how strongly it may be contradicted: Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594": Thomas v. Penna. Railroad Co., 275 Pa. 579, 582; and see Scalet v. Bell Telephone Co. of Penna., 291 Pa. 451. Defendant also contended that marks on the curb and in the field supported its contention as to where plaintiff's car left the highway. As the marks were not examined for three weeks after the accident they were by no means convincing or conclusive.

Plaintiff was approaching from the right and, under the Act of June 30, 1919, P. L. 678, 695, had the right of way if the car and truck came to the intersection simultaneously. In Weber v. Greenebaum, 270 Pa. 382, 385, one of the early cases construing this statute, the Chief Justice, speaking for the court, said: "It [the statute] means simply that, where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision." This has been quoted with approval many times both by this and the Superior Court. The language of the charge of the trial judge in the instant case stated the same rule and was entirely free from error.

The autotruck was twenty-one feet long, about nine feet wide, weighed three and one-half tons and was used for the delivery of furniture. As it came out of Hemlock Street and turned into Jefferson Drive it occupied a good part of the intersection. Under the circumstances, it was the truck driver's duty to exercise great caution and have his truck under perfect control, especially as the view to his right was cut off by the bank. Great care should always be exercised in entering a main thoroughfare from a side street. "It was his [the truck driver's] duty, on approaching this intersection with his heavily-

248

laden truck, to have it under perfect control so that he could stop at the shortest possible notice": Wilson et al. v. Con. Dressed Beef Co., 295 Pa. 168, 173.

In describing the accident, plaintiff testified, "Joseph Horne's [the defendant's] truck shot out of this Hemlock Street and turned me right over"; and further, "Q. Can. you tell in what manner it struck you, whether head-on or sidewise? Describe it if you can, the manner of the truck striking you. A. It was nearer head-on, I would say; just shot right down into my car." In our opinion, this was a sufficient statement of both speed and force. "Shoot" as applied to motion means in common parlance to move with great velocity. When the object so moving has weight it necessarily implies force. "Like a shot" is a colloquial expression signifying quickly, instantaneously. See Webster's New International, also Funk & Wagnall's Standard Dictionary. To so drive a large, heavy truck from a side street into a main street, where the view was obstructed, would clearly be an act of negligence; no other inference could be drawn.

The cartway in Jefferson Drive was twenty-two feet wide, with an open space of fourteen feet on each side and, remembering that it was not crossed by Hemlock Street, so that no vehicle could approach from plaintiff's right and that she had the right of way as to those approaching from her left, we cannot say as matter of law that to move along the other side of the drive from the end of the street, at the rate of fifteen to twenty miles an hour, was contributory negligence. The plaintiff was not bound to anticipate that defendant's truck would be negligently driven into Jefferson Drive: Wagner v. P. R. T. Co., 252 Pa. 354; Simon v. Lit Bros., Inc., 264 Pa. 121; Davis et ux. v. American Ice Co., 285 Pa. 177.

Plaintiff's statement charges negligent operation of defendant's truck in general terms, and, in the absence of any request for a bill of particulars or more specific statement, we are not convinced that it was error to

permit plaintiff to prove, as tending to show negligent operation, that the truck driver failed to give warning of his approach to the intersection. Such failure also had a bearing on the question of contributory negligence. While the case is a close one on its facts, it could not be taken from the jury, and the question of a new trial was one for the discretion of the lower court.

The judgment is affirmed.