Boner, Jr. et al. *v.* Seuffert, Appellant.

370

Argued October 3, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Jay B. Leopold,* and with him *Henry M. Dubbs, Jr., Duane, Morris & Heckscher,* for appellants.

*Morton Z. Paul,* for appellees.

OPINION BY BALDRIGE, J., December 12, 1930:

These three cases grew out of an automobile collision at intersecting streets, and by agreement of counsel and consent of the court they were tried together. They were submitted to the jury and verdicts were rendered in Nos. 74, 75 and 76, in favor of the driver of the car, his father, and Christiana Knoblauch, the owner of the car, respectively, and for the defendant in Nos. 77 and 78, wherein George W. Seuffert and his wife were the plaintiffs and Christiana Knoblauch, the defendant. These appeals followed.

It appears from the testimony that at 11:30 on the night of April 10, 1927, a seven-passenger car belonging to Christiana Knoblauch was being driven north on Forty-ninth Street, in the City of Philadelphia, by the minor plaintiff, Francis Joseph Boner, Jr., who was accompanied by Fred Jones. As they approached Spruce Street, which is forty-nine feet wide between curbs, the driver brought his car to a full stop, looked in both directions, sounded his horn, and not seeing an approaching machine, started across the street. When his front wheels were at the first rail of the eastbound car track, a car driven by George W. Seuffert, which was proceeding east on Spruce Street, came in collision with the Knoblauch car with such great force as to cause it to turn completely around and then upset, and the Seuffert car proceeded across

the sidewalk and went one hundred seventy-five feet on to the lot on the northeast corner.

The Seufferts contend that accepting the testimony in its most favorable light, the driver of the Knoblauch car was guilty of contributory negligence in failing to keep looking; that there was a vacant lot on each of the four corners of these intersecting streets and that if he had exercised due care, he would have been able to see the approaching automobile and the accident would have been avoided.

Coleman, a witness for the Boners, who was standing on the corner of Forty-ninth and Spruce Streets, testified that he saw the Knoblauch car coming on Forty-ninth Street and that it stopped before entering Spruce Street; that as it started, he saw the Seuffert car about seventy-five yards away coming at a rate of speed that "it was hard for anybody to see him."

If we assume the Seuffert car was visible, it was at a distance of two hundred twenty-five feet when the Knoblauch car entered Spruce Street. It cannot be said that in those circumstances it was a negligent act to proceed across the street.

Under the Act of June 30, 1919, P. L. 678, and as amended by the Act of June 14, 1923, P. L. 718, the Knoblauch car had the right-of-way. This preference given a driver coming from the right does not release him from exercising due care or permit him to drive in front of a rapidly approaching car. On the other hand, the driver of the Knoblauch car, when he stopped his machine and saw no approaching vehicle within at least two hundred twenty-five feet, was not bound to anticipate negligence on the part of another driver. He was warranted in assuming that the car coming from his left would approach the intersection at a moderate speed under proper control: Wagner v. P. R. T. Co., 252 Pa. 354; Davis et ux. v. American Ice

Co., 285 Pa. 177. Applying this principle to the evidence in this case, we think the question of the contributory negligence of the driver of the car and the negligence of Seuffert was for the determination of the jury.

Judgments are affirmed.