Holt *v.* Metropolitan Storage Company, Appellant.

Argued October 13, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Ward C. Henry,* for appellant.

*Emanuel Moss* of *Moss and Moss,* for appellee.

Opinion by Keller, J., December 11, 1931:

Defendant appeals from a judgment in favor of plaintiff for personal injuries resulting from an automobile collision.

Plaintiff was traveling southeastwardly on Haverford Avenue, Philadelphia, about the middle of the street, which was forty-four feet wide between curbs, approaching its intersection with 57th Street. The intersection is not at right angles; the northeast and southwest angles being 135 degrees and the other two 45 degrees. Defendant's truck was traveling south on 57th Street. A building located on the northwest corner, together with the acute angle of intersection, made it difficult for the plaintiff to see the traffic coming south on 57th Street.

When the plaintiff, traveling about fifteen miles an hour, got to the west curb of 57th Street he saw defendant's truck approaching on his left and about thirty-five feet north of the street intersection, coming

at a speed of fifteen or twenty miles an hour. Having the right of way and thinking he could clear the intersection before the defendant's truck arrived at the intersection of the paths of the vehicles, he blew his horn and proceeded at a slightly lower rate of speed, and was just passing the center of the intersection when he saw defendant's driver increase his speed and veer to the east, (the driver's left), and in order to avoid the collision which would then have resulted whether he had stopped at once or proceeded across 57th Street, he put on his brakes and turned southwardly into 57th Street, but nevertheless was collided with by defendant's truck after he had gone about fifteen feet southwardly.

There was evidence establishing the negligence of defendant's driver, while the contributory negligence of the plaintiff was not so clear as to justify the court in ruling upon it as matter of law.

We think the facts of the case bring it within the decisions of this court in Concannon v. Little, 95 Pa. Superior Ct. 230 and Ensell v. Atlantic Refining Co., 92 Pa. Superior Ct. 586, rather than the cases relied on by appellant, and that the defendant's negligence and plaintiff's contributory negligence were questions for the jury, and did not warrant binding instructions for the defendant.

The assignments of error are overruled and the judgment is affirmed.