## Rhinehart *v.* Jordan, Appellant, et al.

198

Argued September 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wayne A. Gleeten,* of *Hosbach & Gleeten,* for appellant.

*Alban W. Curtze,* with him *John B. Brooks* and *I. J. Silin,* for appellee.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

This action in trespass was brought by plaintiff to recover damages for personal injuries alleged to have been sustained by her in a right-angle collision between an automobile operated by the original defendant, Albert H. Jordan, in which she was riding as a guest, and an automobile owned by the additional defendant Hiram Moyer and operated by his minor son William, the other additional defendant. There was a verdict and judg-

ment for plaintiff against Jordan and William Moyer. From this judgment Jordan alone appealed.

Jordan testified that he was proceeding westwardly along 26th Street, in the City of Erie, shortly after midnight, at a speed of 20 to 25 miles an hour; that plaintiff was sitting on the front seat with him; that as he approached Chestnut Street he looked to his right when about 75 feet from the intersection, as soon as he could see beyond a filling station located on the corner, and did not see any vehicle approaching; that he looked to the left when about 30 or 35 feet from the crossing; that he then turned his head to the front, just as he entered the intersection, and saw a "flare of lights" on his right, from the Moyer car, which was coming toward him on Chestnut Street at a "terrible" rate of speed; that he then turned to the left to avoid a collision, but was unsuccessful; and that the right side of his automobile was struck with great force by the Moyer car, and plaintiff was thrown out and injured. He further stated that 26th Street was a through highway and that Chestnut Street was a "stop street" at 26th Street, plainly marked as such by a stop sign on the right side of Chestnut Street in the direction from which the Moyer car approached. Several witnesses testified that the Moyer automobile did not stop at the intersection, but entered it at a speed of 40 to 50 miles an hour.

The learned trial judge was of opinion that the defendant Jordan was guilty of negligence, and so charged the jury, because Jordan said he had not looked to the north after passing a point 75 feet from the intersection. At the time, Jordan was traveling on a through highway at a speed of 20 to 25 miles an hour. It took him less than three seconds to traverse the distance to the intersection, and he had the right to suppose that anyone coming to the crossing would obey the stop signal, and give him the right of way, as required by the Vehicle Code of May 1, 1929, P. L. 905, sections 1014 and 1016, as amended by the Act of June 22, 1931, P. L. 751,

section 2. It was error for the trial judge to say as a matter of law that Jordan was negligent under such circumstances. His negligence was clearly a question for the jury. Of course he was bound to exercise reasonable care, even though he had the right of way (see Simon v. Lit Bros., 264 Pa. 121; Bailey v. Lavine, 302 Pa. 273; Byrne v. Schultz, 306 Pa. 427; Adams v. Gardiner, 306 Pa. 576), and indeed section 1014 of the Vehicle Code, supra, expressly provides that a driver on a through highway is not relieved from the duty to drive with due regard for the safety of vehicles entering it. But in determining whether reasonable care was exercised it must be remembered that a driver having the right of way may take into consideration, as a factor upon which, with others, to base his conduct, the duty of other drivers to obey the law and the probability that they will do so: McNulty v. Horne Co., 298 Pa. 244; Adams v. Gardiner, supra; Barton v. Franklin, 309 Pa. 243; Boner v. Seuffert, 100 Pa. Superior Ct. 369; Evans v. Stewart, 103 Pa. Superior Ct. 549. As was said by Judge KELLER in Evans v. Stewart, supra, "Of course one having the right of way may not blindly proceed irrespective of obvious approaching danger, but his rights, duties and obligations are not the same as those of one with the right of way against him." On the facts of this case we cannot say, as a matter of law, that Jordan was negligent. "If there be doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury": Todd v. Nesta, 305 Pa. 280.

Jordan also complains of the direction of a verdict in favor of the additional defendant Hiram Moyer. His ground of objection is that judgment had already been entered against Moyer by the prothonotary for want of an affidavit of defense, and that the court was therefore without power to direct a verdict for him, even though the evidence failed to show a cause of action against him. The rules of the court below authorized the prothonotary

to enter judgment for want of an affidavit of defense "in any case in which the party would be entitled to judgment for the same reason, upon motion in open court." The præcipe for judgment was not filed or judgment entered until the third and last day of the trial. This was too late; after going to trial on the merits, the original defendant no longer had a right to judgment for want of an affidavit of defense. See O'Neal v. Rupp, 22 Pa. 395; Superior Nat. Bank v. Stadelman, 153 Pa. 634, 638; Thompson v. Donaldson, 43 Pa. Superior Ct. 585; Digestive Ferments Co. v. Am. Chem. Laboratories, 80 Pa. Superior Ct. 373, 376. Inasmuch as the original defendant was not entitled to judgment upon motion in open court, the prothonotary was without authority to act, and the judgment entered was a nullity.

It is also argued by Jordan that the trial judge erred in refusing to permit him, at the close of the testimony, to amend his writ of scire facias so as to allege sole liability on the part of the additional defendants, instead of liability over to him. As to Hiram Moyer, he was then entitled to binding instructions under either theory, and the refusal of the amendment did not prejudice Jordan as to him. As to William Moyer, the case was in fact submitted to the jury on the question of his liability to plaintiff, and there was a verdict and judgment against him in favor of plaintiff. Neither plaintiff nor Jordan has suggested that the judgment now standing against him should be reversed, and he has not appealed. It would seem, therefore, that any consideration of this amendment at the present time would be futile.

The judgment of the court below is reversed as to the defendant Albert H. Jordan, and a venire facias de novo is awarded as to him.