Kopp et al. *v.* Tomascik, Appellant.

Argued October 5, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Abram Salsburg,* with him *Francis Taptich,* for appellant.

*Blair F. Gunther,* with him *John A. Willo* and *Joseph S. D. Christof,* for appellees.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

This action of mandamus was instituted by certain members of the National Slovak Society, a corporation of the first class, against George Tomascik, its Supreme President, herein called the respondent, to compel him to call a special convention of the society. By amendment, the corporation was made a party defendant. After the denial of his original and supplemental motions to quash the alternative writ, respondent filed an answer and a supplemental answer, and a trial was had before a jury, which found for plaintiffs. From the judgment entered against him, respondent appealed.

The National Slovak Society is a fraternal benefit society, organized on the lodge system, having a total of 554 unincorporated subordinate lodges, known as "assemblies," scattered throughout the country. Article V, section 17, of its constitution and by-laws provides that "At the request of two-thirds of the Assemblies, the President of the National Slovak Society shall call a Special Convention." A special convention, according to the by-laws, is composed of delegates elected by the respective assemblies. Plaintiffs' petition alleged that respondent and other officers of the society were managing its affairs in an illegal and improper manner, that a special convention was necessary to correct this mismanagement and preserve the solvency of the society, and that 374 of the assemblies, or more than the required two-thirds, had requested respondent to call a special convention, but that he had refused to do so.

By his first assignment of error respondent charges that the court below erred in refusing his supplemental motion to quash, which attacked the writ on the ground that it was not averred that plaintiffs represented any subordinate assembly or were authorized by any subordinate assembly to institute the mandamus proceeding.

We see no error in this action of the court. Plaintiffs, as members of the corporation, are certainly persons "beneficially interested" in the calling of a special convention, within the meaning of section 3 of the Act of June 8, 1893, P. L. 345, which provides that "The writ of mandamus may issue upon the application of any person beneficially interested." It was in their capacity as members of the corporation, not as agents or representatives of any subordinate assembly, that they brought this action. It was, therefore, unnecessary for them to aver or prove that they represented any assembly or were authorized by any assembly to institute this proceeding.

The second assignment complains of the rejection of respondent's offer to prove that after receipt of the requests for a special convention, and before the trial, he received, from 41 of the assemblies which had requested a convention, authenticated resolutions withdrawing their requests. The only statement in the offer as to the time when these withdrawals were attempted was that they were made "before the trial." It is true that after the offer had been rejected counsel for respondent made a statement that some of the withdrawals had been received before the commencement of the action, and, later, that 17 of them had been so received. However, these statements were not part of the offer, and no ruling was ever had or asked as to them. For all that appeared in the offer, the withdrawals were sought to be made after the president had refused to call a convention and after the present action had been commenced. Whatever may have been the right of the assemblies to withdraw their requests before respondent had acted upon the question, we think it is clear that they could not do so in this manner after the refusal of respondent to call a convention, and after this proceeding had been instituted, predicated upon that refusal. The by-laws made it mandatory upon the president to call a special convention on demand of two-thirds of the assemblies, and it was his bounden duty to do so upon receipt of such request. His

refusal to act was in direct violation of the organic law of the corporation. If such a thing were permitted, a resisting president would always refuse to call a convention, and would immediately proceed to use all the influence of his office, and of those in the organization who agreed with him, in an attempt to secure enough withdrawals to drop the number of requests below that required. This would result in confusion and disorder, and would be very hurtful to the best interests of the society.

The subject of the third assignment is the rejection by the trial judge of an offer of certain testimony which it is contended was relevant to show that plaintiffs did not exhaust their remedies within the society before instituting this action. The petition alleged that certain members of the society, before this proceeding was commenced, had lodged with the secretary of the supreme court of the society, its judicial tribunal, a complaint against respondent, based on his refusal to call a special convention after proper request. It was alleged that the court had refused to entertain the complaint, and in support of this allegation there was annexed to the petition a copy of a letter from the secretary of the court to the complaining members, in which he stated that he had been informed by the president of the court that he had resigned, that under these circumstances it was impossible for the court to proceed, and that he was therefore returning the complaint.

To overcome the effect of these allegations, respondent proposed to show by the president of the court that his resignation had never been accepted or acted upon, and that he later withdrew it; that the court had never been dissolved; that even though a member was absent, the court could entertain and act upon complaints; that he was, and had been, ready to act upon any and all complaints submitted to the court, and had never refused to entertain a complaint against respondent; and that the secretary was never authorized by him or the other mem-

bers of the court to refuse to file the complaint in question or to return it to the complainants.

We think it cannot be said, in view of the allegations of the petition, which were not denied, that plaintiffs failed to do all that could be required of them to exhaust their remedies within the society before they brought the present action. Other members of the society had presented a complaint to the secretary of the supreme court, who was the proper officer for that purpose under the constitution and by-laws, and he had refused to file it. The offer presented nothing which would make it the duty of those members, or of plaintiffs, to go behind the action of the secretary and seek relief directly from the members of the supreme court. If it was true, as stated in the offer, that the members of the court were in fact ready, willing and able to entertain a complaint, still there was nothing in the offer which would show that plaintiffs, or the members who presented the complaint to the secretary, were apprised of these facts or had any reason to know of them. All was done that was necessary to secure action by the supreme court of the order. See Haag v. Knights of Friendship, 7 Pa. Superior Ct. 425.

The fourth assignment complains of the refusal of the court below to charge the jury that if they found that the Supreme Assembly did not designate the time or manner of calling a special convention they should find for respondent. Section 17 of the constitution and by-laws, as is stated above, provides that "At the request of two-thirds of the Assemblies, the President of the National Slovak Society shall call a Special Convention." Section 18 provides that "In time of grave necessity, the President of the National Slovak Society may also recommend a Special Convention. In such an event, the Secretary shall send ballots to the Assemblies, and should two-thirds of the Assemblies give their approval, the Supreme Assembly shall fix the time and give notice of the holding of such Convention to the Assemblies and

the members of the Supreme Assembly." We agree with counsel for plaintiffs that the provisions of section 18 with reference to the fixing of a time for the holding of a special convention are not to be carried forward by implication into section 17. Under section 17, there is a clear implication that the president, who calls the convention, shall fix the date thereof.

Under the fifth assignment respondent argues that binding instructions should have been granted, for the reason that plaintiffs did not demur, plead to, or traverse his answer, or return. No such contention appears by the record to have been made in the court below, and it is sufficient to say of it that it comes too late after a trial on the merits. See Rhinehart v. Jordan, 313 Pa. 197, and cases there cited. The other matters argued under this assignment are covered by our discussion of the first assignment.

The sixth and last assignment is to the action of the court below in entering final judgment for plaintiffs. Respondent's first contention under this assignment is that the court below erred in entering judgment for plaintiffs without formal disposition of his motions for a new trial and judgment n. o. v. The entry of final judgment for plaintiffs amounted to a refusal of the motions (see Gates v. Keichline, 282 Pa. 584, 594), and the entry of judgment was not improper for the reason urged. In the second place, respondent argues, the judgment is insufficient in that it does not award that a peremptory mandamus shall issue. This defect, if such it be, does not require a reversal, since we may and shall cure it by directing that a peremptory writ issue. In view of respondent's further argument that sixty days is not a sufficient length of time for preparation to be made for the holding of a convention, which finds some support in the record, we are of opinion that the time limit should be enlarged to ninety days from the date of the call.

We find nothing in the by-laws stating where a special convention of the society shall be held. The only implication which can be drawn from this important omission is that special conventions, when called by the president, should be held in that city in which the society has its principal office. The principal office of the society is in Pittsburgh, for which reason we designate that city as the place in which the special convention which is to be called shall be held.

The judgment is affirmed, and the record is remitted to the court below with directions to issue a peremptory writ of mandamus forthwith, commanding the respondent, George Tomascik, as Supreme President of the National Slovak Society, immediately to call a special convention of the society, to meet in the City of Pittsburgh in this Commonwealth, the date of such convention to be fixed by him at a day certain not less than sixty nor more than ninety days from the date of the call.