Roth et al., Appellants, *v.* Hurd.

Argued May 8, 1940.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James J. Dillon,* for appellants.

*Louis H. Artuso,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

This is an action in trespass brought by plaintiffs against defendant to recover damages to plaintiffs' automobile, sustained in a right-angle collision at a street intersection between plaintiffs' automobile, operated by Alice H. Roth, one of the plaintiffs, and the automobile owned and operated by defendant. To plaintiffs' statement of claim defendant filed an answer and counterclaim for the damages sustained by her automobile. The jury returned a verdict in favor of plaintiffs and against defendant in the sum of $330.70, and on the counterclaim a verdict in favor of plaintiffs and against

defendant. The court below granted defendant's motion for judgment notwithstanding the verdict. It held that driver plaintiff was contributorily negligent as a matter of law, because her own testimony established that she failed to comply with "the legal duty required of drivers at intersections to continue to look for cross traffic as she entered and crossed the intersection." Plaintiffs have appealed from the judgment entered.

The jury found by its verdict that defendant was negligent, and that there was no contributory negligence on the part of driver plaintiff. We think both questions were for the jury, and that it was error for the court below to say as a matter of law that driver plaintiff was contributorily negligent under the circumstances.

The collision occurred at the intersection of Broadway Avenue and Ninth Street in Stowe Township, Allegheny County, about 8:30 o'clock on the morning of May 1, 1939. Broadway Avenue is a "through" highway, about 42 feet wide, and runs generally east and west. Ninth Street is about 28 feet wide, and runs generally north and south. A stop sign was in position on Ninth Street at the time of the accident. The streets intersect at right angles. Approaching the intersection driver plaintiff's view into Ninth Street was partially obstructed by a hedge and the position of a house on the corner. When the contact between the automobiles took place the front wheels of plaintiffs' car, which was 16 feet long, had cleared the intersection, the rear part still being in the intersection. The right rear side of plaintiffs' car was damaged.

Driver plaintiff testified that she was going east on Broadway Avenue on her right-hand side near the curb at about 20 miles an hour; that she was about 35 feet from the intersection when she first saw defendant's car approaching from the right at a speed of about 20 to 25 miles an hour; that defendant's automobile was then about 45 to 50 feet from the intersection. Driver

404

plaintiff further testified: "Q. Now, when you first saw Miss Hurd's car was there any indication to you that she was going to stop? A. When I first saw her car? Q. Yes. A. Well, I was on a through highway. I knew that and that she must stop before entering an intersection and I was not alarmed when I saw her car. She wasn't yet at the intersection ...... A. Well, she was not yet at a position where she could stop. She, naturally, had to come up to that point. ...... Q. ...... Now, did Miss Hurd's car pick up any speed between the time you first saw it and the time of the collision, if you can tell? A. Yes, sir, when we were in the intersection she was coming at us with increased speed. ...... Q. Now, as you came to the intersection and first saw Miss Hurd, and you say she started to pick up speed after you first saw her, is that correct? A. Well, not immediately. She picked up speed as I was in the intersection and she was right there and she was entering Broadway with increased speed, so it seemed."

Other witnesses also testified that defendant's automobile approached and entered the intersection without stopping, and that driver plaintiff entered the intersection first.

When driver plaintiff, 35 feet from the intersection, saw defendant approaching 45 or 50 feet therefrom, driver plaintiff traveling on a "through" highway at a speed of about 20 miles per hour and defendant on a "stop" street at about the same speed, she had the right to suppose that defendant approaching the intersection would obey the stop signal, and give her the right of way. See Vehicle Code of May 1, 1929, P. L. 905, §§1014, 1016, as amended by the Acts of June 22, 1931, P. L. 751, §2, and June 5, 1937, P. L. 1718, §3, 75 PS §§573, 591. There was nothing to warn driver plaintiff at that time that defendant could not or would not stop her automobile before entering the intersection. Driver plaintiff testified that she had her automobile under

such control that she could have stopped before reaching the intersection after having first observed the automobile of defendant. Defendant was proceeding at approximately the same speed. The jury could find that driver plaintiff reached the intersection first, and, under the circumstances was justified in proceeding on the assumption that defendant, approaching the intersection at 20 to 25 miles an hour, would recognize her superior right to the intersection, observe the law, and stop. *Adams v. Gardiner*, 306 Pa. 576, 581, 582, 160 A. 589; *Gardner v. Kline*, 137 Pa. Superior Ct. 505, 510, 9 A. 2d 487; *Rankin v. Boyle*, 328 Pa. 284, 287, 195 A. 36. She was not required to anticipate and guard against the want of ordinary care on the part of defendant (*Probka v. Polis*, 124 Pa. Superior Ct. 129, 188 A. 393), although, having the right of way, she was still bound to use proper care under the circumstances to avoid collision with an approaching vehicle (*Byrne et al. v. Schultz et al.*, 306 Pa. 427, 432, 160 A. 125). "But in determining whether reasonable care was exercised it must be remembered that a driver having the right of way may take into consideration, as a factor upon which, with others, to base his conduct, the duty of other drivers to obey the law and the probability that they will do so: *McNulty v. Horne Co.*, 298 Pa. 244 [148 A. 105]; *Adams v. Gardiner*, supra [306 Pa. 576, 160 A. 589]; *Barton v. Franklin*, 309 Pa. 243 [163 A. 521]; *Boner v. Seuffert*, 100 Pa. Superior Ct. 369; *Evans v. Stewart*, 103 Pa. Superior Ct. 549 [157 A. 515]": *Rhinehart v. Jordan et al.*, 313 Pa. 197, at page 200, 169 A. 151, at page 152.

This accident was not caused by driver plaintiff's failing to continue to look for cross traffic as she entered and crossed the intersection, assuming that this is the only inference, and we think it is not, which may be drawn from her testimony. She observed defendant's automobile approaching the intersection, and after she was in the intersection she then saw that defendant

was not going to stop, in compliance with the stop sign, but was increasing speed. The accident was caused by defendant's failure to observe the law and yield the right of way to driver plaintiff, who was going through the intersection on a "through" street.

This is not one of those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence, and may therefore be declared judicially. See *Altomari v. Kruger et al.*, 325 Pa. 235, 240, 188 A. 828. In view of our conclusion other matters raised are not material and require no discussion.

Judgment of the court below is reversed, and judgment is here entered for plaintiffs on the verdict.